ROGER L. HARTMAN, District Attorney, Buffalo County
You advise that Buffalo County has both a district attorney and a corporation counsel, but that the duties of the corporation counsel are limited to "social service matters." In light of the foregoing, you indicate that there is some question as to which county officer has the duty of appearing when contested matters concerning juvenile delinquency, dependency and neglect are considered by your juvenile court. You, therefore, inquire whether our office has rendered an opinion or memorandum concerning "the break in duties as between Corporation Counsel and District Attorney in the area of Social Service."
The corporation counsel of your county acts pursuant to the provisions of sec. 59.07 (44), Stats., which provides in part as follows:
"* * * The duties of the corporation counsel shall be limited to civil matters and may include giving legal opinions to the board and its committees and interpreting the powers and duties of the board and county officers. Whenever any of the powers and duties conferred upon the corporation counsel are concurrent with similar powers or duties conferred by law upon the district attorney, the district attorney's powers or duties shall cease to the extent that they are so conferred upon the corporation counsel and the district attorney shall be relieved of the responsibility for performing such powers or duties. * * *"
It would appear that part of the problem concerning the division of responsibility between yourself and the county corporation counsel arises from the terminology used to describe the matters handled by your corporation counsel, i.e., *Page 265 
social service matters. Your letter does not indicate whether this phrase is utilized by yourself to characterize the nature of the corporation counsel's duties or is actually in use in a county ordinance to describe his duties. If the latter is the case, a clarification of the break in duties between your office and that of the corporation counsel would simply be a matter of an amendment to said ordinance to clarify this language. If, on the other hand, you have used this phrase simply to refer to the fact that the county corporation counsel acts as legal counsel to the county welfare department, your question more clearly falls within a consideration of the provisions of sec. 59.07
(44), Stats.
As you will note, the break in duties between the district attorney and the corporation counsel in counties having a population of 500,000 or more is quite clearly set forth in sec. 59.456 (6), Stats. Even there, however, you will note that whether the district attorney or the corporation counsel appears in children's court matters rests largely within the discretion of the presiding judge. Assuming that a particular given matter in juvenile court is within the limitations of the duties of the corporation counsel, it would appear that similar discretion may be exercised by juvenile judges in other counties.
Section 48.94 (3), Stats., provides that the district attorney shall perform any duties in connection with juvenile court proceedings as the judge may request. Under the provisions of sec. 59.07 (44), Stats., even though the powers and duties conferred upon corporation counsels are concurrent with similar powers and duties conferred by law upon the district attorney, district attorneys' duties cease only to the extent that they are so conferred. It is doubtful that this statutory provision would be interpreted in such a way as to prevent the juvenile court from requesting the assistance of the district attorney with court proceedings. On the other hand, where it is clear that the corporation counsel is to act in matters concerning the county welfare department such officer would properly be substituted for the district attorney in proceedings relating to welfare matters, including proceedings concerning the enforcement of the uniform *Page 266 
reciprocal enforcement support act, at least where the lack of support is directly related to a need for public assistance through the county welfare agency.
In conclusion, then, I suggest you first look to your local county's legislation providing for an office of corporation counsel for some guidance, since, as pointed out in 14 OAG 247 (1955), at p. 248, a determination whether a corporation counsel is subject to the statutory provisions relating to the duties of the district attorney depends in part on "the extent that a county has transferred to a corporation counsel duties of a district attorney." Where the duties of the corporation counsel and the district attorney are concurrent, they will normally be performed by the corporation counsel. However, in the absence of clear legislative direction to the contrary, which officer will appear in juvenile court proceedings is still to a large extent to be considered within the discretion of the juvenile judge handling said matter.
RWW:JCM